# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

PALMER NORTH AMERICA LLC, a
Delaware limited liability company,

        Plaintiff,

   v.

WANZEK CONSTRUCTION INC., a
North Dakota corporation, and
MASTEC, INC., a Florida corporation,

        Defendants.

## COMPLAINT

Plaintiff Palmer North America LLC, for its complaint against defendants Wanzek Construction Inc. and MasTec, Inc., states and alleges:

## NATURE OF ACTION

1. This action arises out of (1) Wanzek's violations of express contractual obligations pursuant to a May 14, 2021 Construction Contract between Plaintiff and Wanzek (the "Contract") regarding the expansion of Plaintiff's rail production facility (the "Project") and (2) MasTec's failure to satisfy its obligations under a May 18, 2021 Form of Guaranty For Contractor's Guarantor (the "Parent Guaranty"), by which MasTec personally guaranteed Wanzek's obligations under the Contract.  Defendants' breaches, and each of them, caused significant and substantial damages to Plaintiff well in excess of the jurisdictional minimum of this Court.

## PARTIES

2. Plaintiff is a Delaware limited liability company with its principal place of business located at 71 South Wacker Drive, Suite 1700, Chicago, Illinois 60606, and a business office located at 1612 East Abriendo Avenue, Pueblo, Colorado 81004.  Plaintiff's general member is New CF&I,  a Delaware company with its principal place of business located at 1612 East Abriendo Avenue, Pueblo, Colorado 81004.

3. Defendant Wanzek is a North Dakota corporation and wholly-owned subsidiary of MasTec, with its principal place of business located at 4850 32nd Ave South, Fargo, North Dakota 58104.

4. Defendant MasTec is a Florida corporation with its principal place of business located at 800 S. Douglas Road, 10th Floor, Coral Gables, Florida 33134.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332 because there is complete diversity between the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Personal jurisdiction exists over Wanzek pursuant to the Article 31.1 of the Contract, by which Wanzek expressly submitted to the exclusive jurisdiction of the state and federal courts located in the state of Colorado for disputes arising out of the Contract.

7. Personal jurisdiction exists over MasTec pursuant to the Parent Guaranty, by which MasTec guaranteed Wanzek's performance and payment obligations under the Contract for the Project located in the state of Colorado.

8. Even without the jurisdiction language in the Contract, each defendant has sufficient minimum contacts with this Court as a result of business conducted in the state of Colorado and in the District of Colorado. Each defendant, directly or through subsidiaries or intermediaries, provides services and conducts other business in the state of Colorado and in the District of Colorado.

9. Venue is proper in this Court because the Contract provides that any dispute under the Contract must be venued in a court in Colorado, including this Court. Venue is further appropriate in this Court because the Project was located in, and the obligations performed under the Contract and the Parent Guaranty occurred or were supposed to occur in, Pueblo, Colorado. Venue is further proper in this district pursuant to 28 U.S.C § 1391(b)(2) because the parties conducted business within the state of Colorado and a substantial number of the proscribed acts that are the subject of this action occurred in this district.

**GENERAL ALLEGATIONS**

10. On or about January 8, 2021, Wanzek submitted a bid proposal to Plaintiff to be engaged as the general contractor for the Project. Based on the bid provided by Wanzek, and the promises and representations set forth therein, Plaintiff selected Wanzek to be the general contractor for the Project and, on May 14, 2021, the parties executed a valid and enforceable written contract for work on Plaintiff's rail mill in Pueblo, Colorado. The value of the Contract exceeded $302 million. A true and correct copy of the Contract is attached hereto as **Exhibit A**.

11. To induce Plaintiff to enter into the Contract, Wanzek's parent company, MasTec, executed the Parent Guaranty by which MasTec absolutely, unconditionally and irrevocably financially guaranteed all of Wanzek's duties and obligations under the Contract as a primary obligor to Plaintiff. A true and correct copy of the Parent Guaranty is attached hereto as **Exhibit B.**

12. Immediately after the parties executed the Contract and Parent Guaranty and Wanzek began work on the Project, the Project began experiencing delays due to Wanzek's failure to keep the promises and representations it had made in securing the bid for the Project and entering into the Contract, including, but not limited to, failing to timely provide deliverables, establish and adhere to schedules and provide qualified or sufficiently skilled personnel to perform various critical tasks and functions under the Contract.

13. As just one example, pursuant to the Contract, Wanzek was obligated to submit a proposed construction work schedule (the "Work Schedule") for the Project consistent with the Project's baseline schedule of key dates and deadlines (the "Baseline Schedule") by June 14, 2021. However, Wanzek failed to submit an acceptable proposed Work Schedule by the agreed

4

deadline, resulting in delays to mobilization and completion of work at the Project, as promised. Plaintiff ultimately accepted Wanzek's September 15, 2021 proposed schedule as the Work Schedule, subject to several exclusions because that proposal lacked the required detail, was incomplete and failed to include key aspects for the Project. For instance, the September 15 Work Schedule was not integrated with procurement, did not address foundation construction activities with sufficient detail, contained coding errors and was otherwise incomplete. Wanzek's failure to timely prepare an acceptable Work Schedule as required by the Contract resulted in the parties being unable to undertake work on the project, causing substantial delays to critical work on the Project.

14. In entering into the Contract, the parties anticipated that any material delays to the Project would have serious consequences to Plaintiff and specifically agreed that, in the event Wanzek caused delays to the Project, Wanzek was required to prepare a schedule explaining in detail how it intended to regain compliance with the key dates and meet the Baseline Schedule ("Recovery Schedule"). Upon experiencing the Project delays after inception of the Contract as described *supra*, Plaintiff demanded on multiple occasions that Wanzek prepare Recovery Schedules as required by the Contract. In each instance, Wanzek either refused to prepare a Recovery Schedule or prepared an inadequate or improper Recovery Schedule that failed to comply with the requirements of the Contract. For instance, rather than prepare Recovery Schedules detailing how Wanzek would address the delays it caused and how it would meet the Baseline Schedule as required by the Contract, Wanzek's proposals sought to extend key deadlines, resulting in further delay and cost, and made no attempt to meet the Baseline Schedule or other original completion dates as required by the Contract. As a result, Wanzek caused the

Baseline Schedule to become impossible to meet and other delays resulting in substantial cost and damages to Plaintiff.

15. In an attempt to avoid responsibility for its delays and failures to comply with the Baseline Schedule and the requirements of the Contract, Wanzek submitted over five (5) improper change proposals to Plaintiff seeking to extend key agreed-to dates and deadlines to accommodate its delays. Under the Contract, Wanzek was not authorized to submit change proposals required by its own delays. Plaintiff was required to respond to each of these improper change proposals but the work on the Project still did not meet the schedule required by the Contract.

16. Wanzek failed to properly staff the Project with competent personnel and workers, causing unnecessary delays and substantial additional costs to the Project. For example, Wanzek's original Construction Concrete Superintendent left the Project and, for over two months, Wanzek failed to fill that position or otherwise provide someone who could act as a Construction Concrete Superintendent. As a direct result of this staffing failure, work on various phases of the Project was unable to be completed or was otherwise delayed due to ineffective scheduling, poor integration and inadequate oversight of Wanzek's personnel and subcontractors. As another example, Wanzek provided an ineffective Project Controls Manager for the Project who was ultimately terminated from the Project. Wanzek did not timely replace the fired manager as required to complete work on the Project, causing additional substantial delays and costs to Plaintiff.

17. Wanzek further failed to comply with safety programs and protocols in accordance with the Contract, causing multiple serious on-site incidents that required additional

6

costs and substantially delayed the Project. As just one example of many instances, in October 2021, Wanzek's crews uncovered an active waterline, forcing the Project to be shut down for a week. As a result of that incident, Wanzek was required to establish excavation directives to avoid future incidents. Just two months later, in December 2021, Wanzek's subcontractor failed to follow the excavation directives and struck a 24-inch mill cooling waterline, causing a second serious incident that exposed Plaintiff's furnace operators to an unacceptable risk and required Plaintiff to implement emergency furnace shutdown procedures. That particular incident caused a shutdown of both the coil and steel mills, resulting in a 24-hour loss of production for both mills.

18. Wanzek's failure to abide by safety protocols continued in the first half of 2022, resulting in multiple additional safety incidents. For instance, Wanzek and its subcontractor dropped a rebar mat that was suspended from one of Wanzek's cranes, dropping hundreds of pounds of rebar on the site below. Wanzek failed to sufficiently supervise the incident or conduct critical safety checks, such as confirming the weights of the rebar mats, tie points and rigging practices, all in breach of its obligations as the General Contractor under the Contract.

19. Wanzek was also responsible for an incident involving a major injury to a subcontractor who suffered a substantial laceration to his forearm from flipping purlins by hand, which is not an appropriate means by which to do that work. Wanzek failed to supervise or train the subcontractor, who it knew had been demonstrating significant safety issues, creating a situation in which employees were exposed to safety hazards at the Project on a daily basis.

20. In October 2022, Wanzek was operating a hydraulic crane and struck a live neutral line, barely missing the live 6,700-volt power line just 11 inches above the neutral line,

which, if contacted, would have resulted in a fatality or a very serious injury and exposed the crane operator and many of the worksite spotters to possible electrocution.  As it was, that incident caused a power shutdown and required Plaintiff to repair the damaged line.  Following the incident, Wanzek submitted a factually inaccurate report of the incident, attempting to minimize the severity of the incident and mislead Plaintiff, all in violation of its obligations under the Contract.

21.     Wanzek is obligated under the Contract to perform quality assurance and quality control functions to ensure that the Project is constructed and documented to manufacture steel rail in accordance with specific design criteria.  Wanzek repeatedly failed to comply with these requirements under the Contract, resulting in multiple quality deficiencies.  As just a few examples, Wanzek failed to timely complete quality documentation, submitted false and inaccurate reports, prepared reports on work prior to that work being performed, failed to implement quality plans and refused to address multiple issues raised by Plaintiff, all in violation of its obligations under the Contract.

22.     On December 21, 2022, Plaintiff provided written notice to Wanzek that it was in default of its contractual obligations and that it had ten (10) days from the date of the notice to cure its default, pursuant to Article 29.2 of the Contract.  A true and correct copy of the December 21, 2022 Notice of Default to Wanzek is attached hereto as **Exhibit C**.

23.     Concurrently with the Notice of Default served on Wanzek, Plaintiff served a written demand on MasTec to compel the punctual performance of Wanzek.  A true and correct copy of the December 21, 2022 Demand for Performance Pursuant to the Parent Guaranty is attached hereto as **Exhibit D**.

24. Wanzek has failed and refused to cure its breaches of the Contract and MasTec has failed to cause Wanzek to perform its obligations as required by the Parent Guaranty.

## COUNT I: FIRST CLAIM FOR RELIEF
### (Breach of Contract against Wanzek)

25. Plaintiff hereby incorporates by reference paragraphs 1 through 24 above as though fully set forth herein.

26. On May 14, 2021, Plaintiff and Wanzek entered into a valid, enforceable written contract for the Project that sets forth the parties' rights and obligations under the Contract and the valuable consideration exchanged.

27. Except as otherwise excused by Wanzek's conduct, Plaintiff has fully performed all conditions, covenants and terms of the Contract that it was obligated to perform, including by paying Wanzek over $190 million even though Wanzek did not do the work justifying payment in that amount.

28. Wanzek breached the Contract by failing to fulfill its express contractual obligations, duties and covenants, including:

    a. Failing to complete the work required to be completed under the Contract;

    b. Failing to supply sufficiently skilled workers and suitable materials, meet deliverables and adhere to the Baseline Schedule;

    c. Failing to provide Recovery Schedules on Plaintiff's requests and submitting inadequate Recovery Schedules that do not comply with the Contract requirements;

    d. Failing to observe safety procedures and protocols;

    e. Causing property damage and endangering personnel; and

    f. Disregarding Plaintiff's authority.

29. Wanzek's actions and omissions constitute material breaches of the Contract.

30. As a direct and proximate result of Wanzek's breaches, Plaintiff has incurred substantial damages caused by the delay to the completion of the Project, the disruption of work and productivity at the site, labor inefficiencies and related costs.

31. The full extent of Plaintiff's damages are not known at this time and will be determined at trial.  However, Plaintiff reasonably estimates that its damages as of the date of this complaint exceed $130 million.

## COUNT II: SECOND CLAIM FOR RELIEF
### (Breach of the Covenant of Good Faith and Fair Dealing against Wanzek)

32. Plaintiff hereby incorporates by reference paragraphs 1 through 31 above as though fully set forth herein.

33. The Contract includes an implied covenant of good faith and fair dealing that requires, among other things, that Wanzek treat Plaintiff fairly and in good faith and that Wanzek do nothing to deprive Plaintiff of the benefits of the Contract or frustrate the agreed-on purpose of the Contract.  The obligations of the covenant extend beyond the formation of the contract and its enforcement.

34. Wanzek has violated the covenant of good faith and fair dealing by frustrating the purpose of the Contract to complete the Project in a timely fashion for an agreed-to amount of money, including by knowingly and intentionally preparing inadequate schedules, inadequately staffing the Project, ignoring safety protocols and procedures, requesting improper change proposals, submitting false or misleading reports and otherwise causing unnecessary delays and costs to the Project, among other things.

35. As a direct and proximate result of these breaches, Plaintiff has been damaged in an amount according to proof at trial but that Plaintiff reasonably believes exceeds $130 million.

## COUNT III: SECOND CLAIM FOR RELIEF
### (Breach of Contract against MasTec)

36. Plaintiff hereby incorporates by reference paragraphs 1 through 35 above as though fully set forth herein.

37. On May 18, 2021, MasTec executed the Parent Guaranty, under which it absolutely, unconditionally and irrevocably guaranteed all of Wanzek's duties and obligations under the Contract as a primary obligor to Plaintiff.

38. On December 21, 2022, Plaintiff sent a written demand to MasTec pursuant to the Parent Guaranty for the punctual performance of Wanzek's obligations under the Contract.

39. MasTec failed to take the steps necessary to perform or cause to be performed Wanzek's obligations under the Contract as required by the Parent Guaranty.

40. MasTec's failure to perform is a material breach of the Parent Guaranty.

41. As a direct and proximate result of this breach, Plaintiff has been damaged in an amount in excess of $130 million.

## DEMAND FOR JURY TRIAL

42. Plaintiff hereby demands a jury trial on all claims and issues triable by a jury, including on the defendants' affirmative defenses and counterclaims, if any.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

      A.      For entry of judgment in its favor and against the defendants, jointly and severally, in an amount to be established according to proof at trial, which amount is in excess of $130 million;

      B.      For an award of pre-judgment and post-judgment interest at the legal rate on the damages caused to Plaintiff;

      C.      For an award of attorneys' fees and costs of suit herein incurred; and

      D.      For any further relief as the Court deems just and proper.

Dated: December 21, 2022

s/ Mark C. Goodman
**Mark C. Goodman**
BAKER & McKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: (415) 576 3000
Fax: (415) 576 3099
Email: mark.goodman@bakermckenzie.com

Attorneys for Plaintiff
PALMER NORTH AMERICA LLC