**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-CV-03290-CNS-MDB

PALMER NORTH AMERICA LLC, a
Delaware limited liability company,

       Plaintiff,

   v.

WANZEK CONSTRUCTION, INC., a
North Dakota corporation, and
MASTEC, INC., a Florida corporation,

       Defendants.

———————————————

WANZEK CONSTRUCTION, INC.,

       Counterclaimant,

   v.

PALMER NORTH AMERICA LLC, et al.,

       Counterdefendants.

———————————————

WANZEK CONSTRUCTION, INC.,

       Third-Party Plaintiff,

   v.

EVRAZ NORTH AMERICA PLC,

       Third-Party Defendant.

---

**PLAINTIFF'S ANSWER TO WANZEK'S FIRST AMENDED
COUNTERCLAIMS [DKT. NO. 78]
JURY DEMAND**

Plaintiff and Counterclaim defendant Palmer North America LLC, for its Answer to defendant and counterclaimant Wanzek Construction, Inc.'s first amended counterclaims (Dkt. 78) filed on July 7, 2023, hereby states as follows:

## ANSWER

Plaintiff denies each and every allegation of the counterclaim except for those expressly and specifically admitted below.

1.     Plaintiff admits the allegations in Paragraph 1 of the counterclaim.

2.     Plaintiff admits the allegations in Paragraph 2 of the counterclaim.

3.     Plaintiff denies the allegations in Paragraph 3 of the counterclaim.

4.     Plaintiff admits that the original completion date for the project was February 10, 2023.  Plaintiff further admits that the project remains incomplete and behind schedule but specifically denies that any such delays are attributable to Plaintiff.  Plaintiff also admits that the project costs have exceeded the forecasts provided by the defendant and on which Plaintiff relied but Plaintiff specifically denies that such conditions are due to Plaintiff's conduct but are, instead, the result of the defendant's conduct and omissions.  Plaintiff denies the remaining allegations in Paragraph 4 of the counterclaim.

5.     Plaintiff denies the allegations in Paragraph 5 of the counterclaim.

6.     Plaintiff denies the allegations in Paragraph 6 of the counterclaim.

7.     Paragraph 7 of the counterclaim states a legal conclusion to which no response is required.  To the extent a response is required, Plaintiff denies the allegations in Paragraph 7 of the counterclaim.

8.      Plaintiff lacks knowledge or information sufficient to form a belief concerning the defendant's purported concerns, as alleged in Paragraph 8 of the counterclaim and, therefore, denies those allegations.   Plaintiff denies the remaining allegations in Paragraph 8 of the counterclaim.

9.      Plaintiff lacks knowledge or information sufficient to form a belief concerning the defendant's purported concerns, as alleged in Paragraph 9 of the counterclaim and, therefore, denies those allegations.  Plaintiff denies that it is a wholly-owned subsidiary of Evraz North America plc because, as set forth in its Amended Complaint (Dkt. 45), it is a limited liability company whose general member is CF&I Inc., a Delaware company with its principal place of business in Colorado, and its sole limited partner is NS Finance Inc., a Delaware company with its principal place of business in New York.  Plaintiff admits that Evraz North America plc is a subsidiary of Evraz plc, a multinational steel company traded on the London Stock Exchange. Plaintiff denies the remaining allegations in Paragraph 9 of the counterclaim.

10.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 10 of the counterclaim and, therefore, denies those allegations.

11.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 11 of the counterclaim and, therefore, denies those allegations.

12.     Plaintiff admits that the defendant requested assurances that Plaintiff could pay for work on the project.  Plaintiff specifically denies the allegation in Paragraph 12 of the counterclaim that it has not provided such assurances because it has done so.  Plaintiff denies the remaining allegations in Paragraph 12 of the counterclaim.

13.     Plaintiff admits that the defendant issued a letter on November 29, 2022, that it contended was a demand to cure but denies that letter constituted a formal notice to cure as defined in the Contract.   Plaintiff denies the remaining allegations in Paragraph 13 of the counterclaim.

14.     Plaintiff admits that the defendant issued a letter on November 29, 2022, that it contended was a demand to cure but denies that letter constituted a formal notice to cure as defined in the Contract.  Plaintiff admits that it did not respond to this deficient notice.  Plaintiff denies all remaining allegations in Paragraph 14 of the counterclaim.

15.     Plaintiff denies the allegations in Paragraph 15 of the counterclaim.

16.     Plaintiff denies the allegations in Paragraph 16 of the counterclaim.

17.     Plaintiff denies the allegations in Paragraph 17 of the counterclaim.

18.     Plaintiff admits that the defendant purported to respond to Plaintiff's Notice of Default on December 26, 2022.  Plaintiff denies all remaining allegations in Paragraph 18 of the counterclaim.

19.     Plaintiff denies the allegations in Paragraph 19 of the counterclaim.

20.     Plaintiff denies the allegations in Paragraph 20 of the counterclaim.

21.     Plaintiff admits that a notice of default dated December 21, 2022, was attached as Exhibit C to its Amended Complaint (Dkt. 45-3).  The remaining allegations in Paragraph 21 of the counterclaim state legal conclusions to which no response is required.   To the extent a response is required, Plaintiff responds that the complaint and notice of default referenced in that paragraph are the best evidence of their meaning and content and Plaintiff denies the remaining allegations in Paragraph 21 of the counterclaim.

22.     Plaintiff admits that on December 31, 2022, it provided written notice of termination of the parties' Contract to the defendant.  The remaining allegations in Paragraph 22 of the counterclaim state a legal conclusion to which no response is required.  To the extent a response is required, Plaintiff denies the allegations in Paragraph 22 of the counterclaim.

23.     The allegations in Paragraph 23 state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the termination notice and notice of default referenced in that paragraph are the best evidence of their meaning and content and Plaintiff denies the remaining allegations in Paragraph 23 of the counterclaim.

24.     The allegations in Paragraph 24 state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 24 of the counterclaim.

25.     Plaintiff denies the allegations in Paragraph 25 of the counterclaim.

26.     Paragraph 26 of the counterclaim states a legal conclusion to which no response is required.  To the extent a response is required, Plaintiff denies the allegations in Paragraph 26 of the counterclaim.

## I.     PARTIES, JURISDICTION AND VENUE

27.     The allegations in Paragraph 27 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 27 of the counterclaim and, therefore, denies those allegations.

28.     Plaintiff admits that it is a Delaware limited liability company but denies that it is headquartered in Chicago because its principal place of business is located in Pueblo, Colorado. Plaintiff denies that it is a wholly-owned subsidiary of Evraz North America plc because it is a limited liability company whose general member is CF&I Inc., a Delaware company with its principal place of business in Colorado, and its sole limited member is NS Finance Inc., a Delaware company with its principal place of business in New York.  Plaintiff admits that Evraz North America plc is a corporation incorporated in the United Kingdom with its principal place of business is London, England.

29.     Plaintiff admits the allegations in Paragraph 29 of the counterclaim.

30.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 30 of the counterclaim and, therefore, denies those allegations.

31.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 31 of the counterclaim and, therefore, denies those allegations.

32.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 32 of the counterclaim and, therefore, denies those allegations.

33.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 33 of the counterclaim and, therefore, denies those allegations.

34.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 34 of the counterclaim and, therefore, denies those allegations.

35.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 35 of the counterclaim and, therefore, denies those allegations.

36.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 36 of the counterclaim and, therefore, denies those allegations.

37.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 37 of the counterclaim and, therefore, denies those allegations.

38.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 38 of the counterclaim and, therefore, denies those allegations.

39.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 39 of the counterclaim and, therefore, denies those allegations.

40.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 40 of the counterclaim and, therefore, denies those allegations.

41.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 41 of the counterclaim and, therefore, denies those allegations.

42.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 42 of the counterclaim and, therefore, denies those allegations.

43.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 43 of the counterclaim and, therefore, denies those allegations.

44.     Plaintiff admits the allegations in Paragraph 44 of the counterclaim.

45.     Plaintiff admits the allegations in Paragraph 45 of the counterclaim.

## II.     GOVERNING LAW

46.     The allegations in Paragraph 46 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract references Colorado law.

## III.    STATEMENT OF FACTS

47.     Plaintiff admits that it engaged the defendant for a construction project for the steel mill site in Pueblo.  Plaintiff denies the remaining allegations in Paragraph 47 of the counterclaim.

48.     Plaintiff admits the allegations in Paragraph 48 of the counterclaim.

49.     The allegations in Paragraph 49 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the

Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 49 of the counterclaim.

50.      The allegations in Paragraph 50 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content.  Plaintiff admits that the original Final Mechanical Completion date was February 10, 2023.  Plaintiff denies the remaining allegations in Paragraph 50 of the counterclaim.

51.      The allegations in Paragraph 51 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 51 of the counterclaim.

52.      Plaintiff admits that it released Addendum 8 to the Request for Proposal, which included revisions to the design and revised IFC releases.  The allegations in Paragraph 52 of the counterclaim state legal conclusions to which no response is required.  Plaintiff denies the remaining allegations in Paragraph 52 of the counterclaim.

53.      The allegations in Paragraph 53 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 53 of the counterclaim.

54.      The allegations in Paragraph 54 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the

Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 54 of the counterclaim.

55.     The allegations in Paragraph 55 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 55 of the counterclaim.

56.     The allegations in Paragraph 56 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff  denies the remaining allegations in Paragraph 56 of the counterclaim.

57.     The allegations in Paragraph 57 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 57 of the counterclaim.

58.     The allegations in Paragraph 58 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 58 of the counterclaim.

59.     The allegations in Paragraph 59 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 59 of the counterclaim.

60.     The allegations in Paragraph 60 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff  denies the remaining allegations in Paragraph 60 of the counterclaim.

61.     The allegations in Paragraph 61 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 61 of the counterclaim.

62.     The allegations in Paragraph 62 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the paragraph accurately quotes the language of the Contract referenced in that paragraph.

63.      The allegations in Paragraph 63 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the paragraph accurately quotes the language of the Contract referenced in that paragraph.

64.     The allegations in Paragraph 64 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 64 of the counterclaim.

65.     The allegations in Paragraph 65 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Baseline Schedule referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 65 of the counterclaim.

66.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the defendant's plans and, therefore, denies those allegations.   Plaintiff denies the remaining allegations in Paragraph 66 of the counterclaim.

67.     The allegations in Paragraph 67 of the counterclaim state legal conclusions to which no response is required.   To the extent a response is required, Plaintiff responds that the Baseline Schedule referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 67 of the counterclaim.

68.     Plaintiff denies the allegations in Paragraph 68 of the counterclaim.

69.     Plaintiff denies the allegations in Paragraph 69 of the counterclaim.

70.     The allegations in Paragraph 70 of the counterclaim state legal conclusions to which no response is required.   To the extent a response is required, Plaintiff responds that the RFP document referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 70 of the counterclaim.

71.     The allegations in Paragraph 71 of the counterclaim state legal conclusions to which no response is required.   To the extent a response is required, Plaintiff responds that the Addendum Number 8 referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 71 of the counterclaim.

72.     Plaintiff denies the allegations in Paragraph 72 of the counterclaim.

73.     Plaintiff denies the allegations in Paragraph 73 of the counterclaim.

74.     Plaintiff denies the allegations in Paragraph 74 of the counterclaim.

75.     Plaintiff denies the allegations in Paragraph 75 of the counterclaim.

76.     Plaintiff denies the allegations in Paragraph 76 of the counterclaim.

77.     Plaintiff denies the allegations in Paragraph 77 of the counterclaim.

78.     Plaintiff admits that the parties have exchanged multiple correspondence regarding the Project and have participated in meetings.  Plaintiff denies the remaining allegations in Paragraph 78 of the counterclaim.

79.     Plaintiff denies the allegations in Paragraph 79 of the counterclaim.

80.     Plaintiff admits that the defendant submitted a letter to Plaintiff on October 31, 2022, but denies that letter constituted a formal notice pursuant to the parties' Contract.  Plaintiff denies the remaining allegations in Paragraph 80 of the counterclaim.

81.     Plaintiff admits that the defendant submitted a letter to Plaintiff on October 31, 2022, but denies that letter constituted a formal notice pursuant to the parties' Contract.  Plaintiff denies the remaining allegations in Paragraph 81 of the counterclaim.

82.     Plaintiff admits that the defendant represented that it estimated that it could achieve the Final Mechanical Completion by February 15, 2024, a year later than the date specified in the Contract.  Plaintiff denies the remaining allegations in Paragraph 82 of the counterclaim.

83.     Plaintiff denies the allegations in Paragraph 83 of the counterclaim.

84.     Plaintiff admits that it engaged the defendant for a construction project for the steel mill site in Pueblo.  Plaintiff lacks knowledge or information sufficient to form a belief concerning the remainder of the allegations in Paragraph 84 of the counterclaim and, therefore, denies those allegations.

85.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 85 of the counterclaim and, therefore, denies those allegations.

86.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 86 of the counterclaim and, therefore, denies those allegations.

87.     Plaintiff denies the allegations in Paragraph 87 of the counterclaim.

88.     Plaintiff admits that it assured the defendant that it had the ability to pay amounts properly due under the parties' Contract.  Plaintiff denies the remaining allegations in Paragraph 88 of the counterclaim.

89.     Plaintiff admits the allegations in Paragraph 89 of the counterclaim.

90.     Plaintiff denies the allegations in Paragraph 90 of the counterclaim.

91.     Plaintiff denies the allegations in Paragraph 91 of the counterclaim.

92.     Plaintiff denies the allegations in Paragraph 92 of the counterclaim.

93.     Plaintiff denies the allegations in Paragraph 93 of the counterclaim.

94.     Plaintiff denies the allegations in Paragraph 94 of the counterclaim.

95.     Plaintiff admits that the defendant sent a letter on November 29, 2022, purporting to demand that Plaintiff cure purported breaches of the Contract.  Plaintiff denies the remaining allegations in Paragraph 95 of the counterclaim.

96.     Plaintiff denies the allegations in Paragraph 96 of the counterclaim.

97.     Plaintiff denies the allegations in Paragraph 97 of the counterclaim.

98.     Plaintiff denies the allegations in Paragraph 98 of the counterclaim.

99.     Plaintiff admits that it issued a notice of default to the defendant on December 21, 2022.

100.    The allegations in Paragraph 100 of the counterclaim state legal conclusions to which no response is required.  To extent a response is required, Plaintiff responds that the

notice of default and Contract referenced in that paragraph are the best evidence of their meaning and content and Plaintiff denies the remaining allegations in Paragraph 100 of the counterclaim.

101.     The allegations in Paragraph 101 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the notice of default and Contract referenced in that paragraph are the best evidence of their meaning and content and Plaintiff denies the remaining allegations in Paragraph 101 of the counterclaim.

102.     The allegations in Paragraph 102 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the notice of default and Contract referenced in that paragraph are the best evidence of their meaning and content and Plaintiff denies the remaining allegations in Paragraph 102 of the counterclaim.

103.     The allegations in Paragraph 103 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the notice of default and Contract referenced in that paragraph are the best evidence of their meaning and content and Plaintiff denies the remaining allegations in Paragraph 103 of the counterclaim.

104.     Plaintiff admits that it filed its complaint against the defendant on December 21, 2022.  Plaintiff denies the remaining allegations in Paragraph 104 of the counterclaim.

105.     Plaintiff denies the allegations in Paragraph 105 of the counterclaim.

106.     Plaintiff admits the allegations of Paragraph 106 of the counterclaim.

107.     The allegations in Paragraph 107 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the letter and notice of default referenced in that paragraph are the best evidence of their meaning and content and Plaintiff denies the remaining allegations in Paragraph 107 of the counterclaim.

108.     Plaintiff denies the allegations in Paragraph 108 of the counterclaim.

109.     Plaintiff admits the allegations of Paragraph 109 of the counterclaim.

110.     The allegations in Paragraph 110 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the letter and notice of default referenced in that paragraph are the best evidence of their meaning and content and Plaintiff denies the remaining allegations in Paragraph 110 of the counterclaim.

111.     The allegations in Paragraph 111 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the letter referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 111 of the counterclaim.

112.     The allegations in Paragraph 112 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the letter referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 112 of the counterclaim.

113.     The allegations in Paragraph 113 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the letter referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 113 of the counterclaim.

114.     The allegations in Paragraph 114 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the letter and notice of default referenced in that paragraph are the best evidence of their meaning and content and Plaintiff denies the remaining allegations in Paragraph 114 of the counterclaim.

115.     Plaintiff denies the allegations in Paragraph 115 of the counterclaim.

116.     Plaintiff denies the allegations in Paragraph 116 of the counterclaim.

117.     Plaintiff denies the allegations in Paragraph 117 of the counterclaim.

118.     Plaintiff denies the allegations in Paragraph 118 of the counterclaim.

119.     Plaintiff denies the allegations in Paragraph 119 of the counterclaim.

120.     Plaintiff denies the allegations in Paragraph 120 of the counterclaim.

121.     Plaintiff lacks knowledge or information sufficient to form a belief concerning the allegations in paragraph 121 of the counterclaim and, therefore, denies those allegations.

## IV.     COUNTERCLAIMS FOR RELIEF

### FIRST COUNTERCLAIM FOR RELIEF

### DECLARATORY JUDGMENT

122.     Answering Paragraph 122 of the counterclaim, Plaintiff re-alleges and incorporates by reference its responses to Paragraphs 1 through 121, as though set forth herein in full.

123.     The allegations in Paragraph 123 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations in Paragraph 123 of the counterclaim.

124.     Plaintiff denies the allegations in Paragraph 124 of the counterclaim.

125.     The allegations in Paragraph 125 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 125 of the counterclaim.

126.     The allegations in Paragraph 126 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 126 of the counterclaim.

127.     Plaintiff denies the allegations in Paragraph 127 of the counterclaim.

128.     Plaintiff denies the allegations in Paragraph 128 of the counterclaim.

129.     The allegations in Paragraph 129 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations in Paragraph 129 of the counterclaim.

130.     The allegations in Paragraph 130 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 130 of the counterclaim.

131.     The allegations in Paragraph 131 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the remaining allegations in Paragraph 131 of the counterclaim.

132.     Plaintiff denies the allegations in Paragraph 132 of the counterclaim.

133.     Plaintiff denies the allegations in Paragraph 133 of the counterclaim.

134.     Plaintiff denies the allegations in Paragraph 134 of the counterclaim.

## SECOND COUNTERCLAIM FOR RELIEF

## BREACH OF CONTRACT -- DEFAULTS BY PALMER

135.    Answering Paragraph 135 of the counterclaim, Plaintiff re-alleges and incorporates by reference its responses to Paragraphs 1 through 134, as though were set forth herein in full.

136.    The allegations in Paragraph 136 of the counterclaim state legal conclusions to which no response is required.   To the extent a response is required, Plaintiff admits the allegations in Paragraph 136 of the counterclaim.

137.    The allegations in Paragraph 137 of the counterclaim state legal conclusions to which no response is required.   To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 137 of the counterclaim.

138.    Plaintiff denies the allegations in Paragraph 138 of the counterclaim.

139.    Plaintiff denies the allegations in Paragraph 139 of the counterclaim.

140.    Plaintiff denies the allegations in Paragraph 140 of the counterclaim.

141.    Plaintiff denies the allegations in Paragraph 141 of the counterclaim.

142.    Plaintiff denies the allegations in Paragraph 142 of the counterclaim.

143.    Plaintiff denies the allegations in Paragraph 143 of the counterclaim.

## THIRD COUNTERCLAIM FOR RELIEF

## BREACH OF CONTRACT -- WRONGFUL TERMINATION BY PALMER

144.    Answering Paragraph 144 of the counterclaim, Plaintiff re-alleges and incorporates by reference its responses to Paragraphs 1 through 143, as though set forth herein in full.

145.    The allegations in Paragraph 145 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff admits the allegations in Paragraph 145 of the counterclaim.

146.    Plaintiff admits the allegations in Paragraph 146 of the counterclaim.

147.    The allegations in Paragraph 147 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract and letter referenced in that paragraph are the best evidence of their meaning and content and Plaintiff denies the remaining allegations in Paragraph 147 of the counterclaim.

148.    The allegations in Paragraph 148 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract and letter referenced in that paragraph are the best evidence of their meaning and content and Plaintiff denies the remaining allegations in Paragraph 148 of the counterclaim.

149.    Plaintiff denies the allegations in Paragraph 149 of the counterclaim.

150.    Plaintiff denies the allegations in Paragraph 150 of the counterclaim.

151.    Plaintiff denies the allegations in Paragraph 151 of the counterclaim.

152.    Plaintiff denies the allegations in Paragraph 152 of the counterclaim.

153.    Plaintiff denies the allegations in Paragraph 153 of the counterclaim.

154.    Plaintiff denies the allegations in Paragraph 154 of the counterclaim.

155.    Plaintiff denies the allegations in Paragraph 155 of the counterclaim.

156.    Plaintiff denies the allegations in Paragraph 156 of the counterclaim.

**FOURTH COUNTERCLAIM FOR RELIEF**

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

157.    Answering Paragraph 157 of the counterclaim, Plaintiff re-alleges and incorporates by reference its responses to Paragraphs 1 through 156, as though set forth herein in full.

158.    The allegations in Paragraph 158 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff admits the allegations in Paragraph 158 of the counterclaim.

159.    The allegations in Paragraph 159 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 159 of the counterclaim.

160.    The allegations in Paragraph 160 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff responds that the Contract referenced in that paragraph is the best evidence of its meaning and content and Plaintiff denies the remaining allegations in Paragraph 160 of the counterclaim.

161.    Plaintiff denies the allegations in Paragraph 161 of the counterclaim.

162.    Plaintiff denies the allegations in Paragraph 162 of the counterclaim.

163.    Plaintiff denies the allegations in Paragraph 163 of the counterclaim.

164.    Plaintiff denies the allegations in Paragraph 164 of the counterclaim.

165.    Plaintiff denies the allegations in Paragraph 165 of the counterclaim.

166.    Plaintiff denies the allegations in Paragraph 166 of the counterclaim.

## FIFTH COUNTERCLAIM FOR RELIEF

## LIEN FORECLOSURE AGAINST ALL COUNTERCLAIM DEFENDANTS

167.    Answering Paragraph 167 of the counterclaim, Plaintiff re-alleges and incorporates by reference its responses to Paragraphs 1 through 166, as though set forth herein in full.

168.    Plaintiff admits that the property that is subject to this litigation is necessary for the convenient use and occupation of the Project.  Plaintiff denies the remaining allegations in Paragraph 168 of the counterclaim.

169.    Plaintiff denies the allegations in Paragraph 169 of the counterclaim.

170.    Plaintiff admits that the defendant claims a lienable interest in the property pursuant to Colorado's General Mechanic's Lien Statute, §§ 38-22-101 to 38-22-133, C.R.S. Plaintiff denies the remaining allegations in Paragraph 170 of the counterclaim.

171.    Plaintiff admits that, on December 23, 2022, the defendant served a Notice of Intent to File a Lien Statement in the amount of $76,807,728.  Plaintiff denies the remaining allegations in Paragraph 171 of the counterclaim.

172.    Plaintiff admits that, on January 6, 2023, the defendant recorded an Amended and Restated Statement of Mechanic's Lien in the amount of $64,637,663.92.  Plaintiff denies the remaining allegations in Paragraph 172 of the counterclaim.

173.    Plaintiff admits that, on April 20, 2023, the defendant recorded a Second Amended Partial Release and Restatement of Mechanic's Lien in the amount of $64,222,426, which is attached as Exhibit D to Wanzek's First Amended Counterclaims.  Plaintiff denies the remaining allegations in Paragraph 173 of the counterclaim.

174.    Plaintiff lacks knowledge or information sufficient to form a belief concerning the defendant's purported concerns, as alleged in Paragraph 174 of the counterclaim, and, therefore, denies those allegations.

175.    Plaintiff admits that a copy of the Notice of Lis Pendens is attached to the defendant's first amended counterclaims as Exhibit F.  Plaintiff lacks knowledge or information sufficient to form a belief concerning the remaining allegations in Paragraph 175 of the counterclaim and, therefore, denies those allegations.

176.    The allegations in Paragraph 176 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations in Paragraph 176 of the counterclaim.

177.    The allegations in Paragraph 177 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations in Paragraph 177 of the counterclaim.

178.    The allegations in Paragraph 178 of the counterclaim state legal conclusions to which no response is required.  To the extent a response is required, Plaintiff denies the allegations in Paragraph 178 of the counterclaim.

179.    The allegations in Paragraph 179 of the counterclaim state legal conclusions to which no response is required.   To the extent a response is required, Plaintiff denies the allegations in Paragraph 179 of the counterclaim.

180.    The allegations in Paragraph 180 of the counterclaim state legal conclusions to which no response is required.   To the extent a response is required, Plaintiff denies the allegations in Paragraph 180 of the counterclaim.

## AFFIRMATIVE DEFENSES

## AFFIRMATIVE AND OTHER DEFENSES

Without conceding or admitting the merits or accuracy of any of the claims or allegations in the counterclaim, Plaintiff asserts the following affirmative and other defenses to the counterclaim and to each allegation therein.   By asserting these defenses, Plaintiff does not make any concession as to the truth of the allegations or as to the burden of proof on any issue or defense.   Plaintiff reserves all rights to amend, modify or supplement these defenses as more information becomes available.

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1.    Defendant's claims are barred, in whole or in part, because they fail to state facts sufficient to state a claim for relief against Plaintiff.

## SECOND DEFENSE

**(Breach of Contract and/or Excuse of Performance)**

2.      Defendant's claims are barred, in whole or in part, because the defendant's material breach of contract discharged and excused Plaintiff from further performance of the Contracts at issue in this litigation.  It is Plaintiff, not the defendant, that is entitled to relief as a result of the circumstances giving rise to the counterclaim.

## THIRD DEFENSE

**(Failure of Conditions Precedent)**

3.      Defendant's claims are barred, in whole or in part, due to its failure to satisfy conditions precedent to its entitlement to any damages as alleged in the counterclaim.

## FOURTH DEFENSE

**(Failure to Mitigate Damages)**

4.      Defendant's claims are barred, in whole or in part, because the defendant could have prevented or mitigated any amount of damages it suffered by the exercise of reasonable effort.  Defendant has failed and refused, and continues to fail and refuse, to exercise reasonable effort to mitigate any alleged damages suffered as a result of any action by Plaintiff, such that any right to recovery must be reduced and/or eliminated commensurate with such failure.

## FIFTH DEFENSE

**(Unclean Hands)**

5.      Defendant's claims are barred, in whole or in part, due to the defendant's wrongdoing and bad faith actions.

## SIXTH DEFENSE

### (Ratification)

6.     Defendant's claims are barred, in whole or in part, by the defendant's acquiescence, approval or ratification.

## SEVENTH DEFENSE

### (Limitation of Liability)

7.     Defendant's claims are barred, in whole or in part, by the parties' Contract limiting the defendant's remedies and precluding it from recovering any indirect, special, incidental, punitive, exemplary or other consequential damages.

## EIGHTH DEFENSE

### (Estoppel)

8.     Defendant's claims are barred, in whole or in part, by the doctrine of estoppel.

## NINTH DEFENSE

### (Waiver)

9.     Defendant's claims are barred, in whole or in part, by the doctrine of waiver.

## TENTH DEFENSE

### (Laches)

10.     Defendant's claims are barred, in whole or in part, by the defendant's unreasonable delay in notifying Plaintiff of the alleged actionable wrongs and/or unreasonable delay in seeking the relief requested in the counterclaim, which delays have resulted in prejudice to Plaintiff.

## ELEVENTH DEFENSE

### (Good Faith/Justification)

11.    Defendant's claims are barred, in whole or in part, because Plaintiff's conduct was justified and in good faith because, among other things, Plaintiff fully performed and discharged in good faith its obligations and duties owed to the defendant and because Plaintiff acted reasonably under the circumstances.

## TWELFTH DEFENSE

### (No Injury/Damages/Harm)

12.    Defendant's claims are barred, in whole or in part, because the defendant has suffered no damages, injury or harm.

## THIRTEENTH DEFENSE

### (Lack of Causation)

13.    Defendant's claims are barred, in whole or in part, because they are based on events or acts that were caused solely, or contributed to, by intervening or superseding circumstances beyond Plaintiff's control, including, but not limited to, financial market conditions, the defendant's conduct and the actions of third parties.

## FOURTEENTH DEFENSE

### (Speculative Damages)

14.    Defendant's claims are barred, in whole or in part, because the defendant's damages, if any, are speculative and remote.

## FIFTEENTH DEFENSE

### (Statute of Limitations)

15.     Defendant's claims are barred, in whole or in part, by the applicable statutes of limitation.

## SIXTEENTH DEFENSE

### (Reservation of Rights to Assert Additional Defenses)

16.     Plaintiff reserves the right to assert and rely on such other applicable defenses or affirmative defenses as may be available or apparent during discovery.  Plaintiff further reserves the right to amend its answer and/or defenses accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a judgment against the defendant as follows:

A.     That the defendant take nothing by its counterclaim and is denied any relief whatsoever;

B.     That the counterclaim be dismissed in its entirety with prejudice;

C.     That Plaintiff be awarded the fees and costs incurred by it in connection with this action;

D.     That this case be deemed exceptional pursuant to 35 U.S.C. § 285, such that Plaintiff be awarded its reasonable attorneys' fees; and

E.     That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff respectfully requests a trial by jury of any and all issues triable of right be jury in this counter-action.


Dated:  July 21, 2023

/s/ Mark C. Goodman
Mark C. Goodman
Christina M. Wong
BAKER & McKENZIE LLP
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone:  (415) 576 3000
Facsimile:   (415) 576 3099
Email: mark.goodman@bakermckenzie.com
        christina.wong@bakermckenzie.com

Michael L. O'Donnell
Andrew S. Gehring
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244 1800
Facsimile:  (303) 244 1879
Email: odonnell@wtotrial.com
        gehring@wtotrial.com

Attorneys for Plaintiff and Counterdefendant
PALMER NORTH AMERICA LLC and
Counterdefendant CF&I STEEL, L.P. d/b/a EVRAZ
ROCKY MOUNTAIN STEEL