IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 22-cv-03290-CNS-MDB

PALMER NORTH AMERICA LLC, a Delaware limited liability company,

    Plaintiff,

v.

WANZEK CONSTRUCTION INC., a North Dakota corporation, and
MASTEC, INC., a Florida corporation,

    Defendants.

## ORDER

United States Magistrate Judge Maritza Dominguez Braswell recommends that this Court denies without prejudice Plaintiff Palmer North America LLC's Motion to Dissolve Mechanics' Lien. ECF No. 146 (Recommendation). Palmer objected to the Recommendation, ECF No. 148, and Defendant Wanzek Construction Inc. responded, ECF No. 149. Having reviewed the Recommendation, objection, and response, the Court overrules Palmer's objection and AFFIRMS and ADOPTS the Recommendation.

**I.   RELEVANT BACKGROUND & MAGISTRATE JUDGE RECOMMENDATION**

This lawsuit arises from a $302 million contract where Wanzek agreed to act as the general contractor for the expansion of Palmer's rail production facility. ECF No. 76 (second am. compl.), ¶ 1. On December 21, 2022, Palmer filed its initial complaint in this Court alleging two contractual claims. ECF No. 1. Prior to initiating this lawsuit, Wanzek

1

had already served Palmer with a mechanics' lien claiming $11 million in value for funds allegedly owed to Wanzek for alleged contract violations. ECF No. 76, ¶ 31. Two days after Palmer initiated this lawsuit, Wanzek served an amended lien in the amount of $76 million, which it has since reduced to $64 million. *Id.*, ¶¶ 31–32.

Palmer's sixth claim for relief seeks a declaratory judgment that Wanzek's lien is invalid. *Id.*, ¶¶ 66–71. Palmer claims that Wanzek issued the "new lien claim" as retaliation for Palmer filing its lawsuit. *Id.*, ¶ 31. On the other side, Wanzek's fifth counterclaim seeks the foreclosure of the lien. ECF No. 78, ¶¶ 167–80.

Midway through discovery, Palmer filed its Motion to Dissolve Mechanics' Lien, asking the Court to dissolve or reduce the lien pursuant to Colo. Rev. Stat. § 38-22-128 "and controlling case law." ECF No. 127. Palmer contends that the lien is excessive and contemplates fees not earned by Wanzek. *Id.* at 12–17. Palmer also seeks attorneys' fees under Colo. Rev. Stat. § 38-22-128 for the cost of filing its motion. *Id.* at 17.

Wanzek argues in response that, (a) because the Motion would be dispositive of its fifth counterclaim, and (b) because the deadline for Palmer to file a motion to dismiss Wanzek's counterclaims has passed, Palmer's motion is in effect a partial motion for summary judgement. ECF No. 128 at 7–8. And if it is, Palmer failed to comply with this Court's practice standards governing summary judgment motions. *Id.* Wanzek then argues that Palmer's motion is premature because "C.R.S. § 38-22-128 merely sets forth the consequences if a person can prove during a 'proceeding'" that a lien is unduly excessive, but the statute does not provide a mechanism for seeking the dissolution of a lien in the middle of a proceeding. *Id.* Finally, Wanzek argues that the lien is not excessive

under Colo. Rev. Stat. § 38-22-128, but in any event, the material facts necessary for making such a determination are in dispute. *Id.* at 8–15.

Palmer acknowledges in its reply that its motion is "bespoke," but Palmer contends that it is "decidedly not a motion for partial summary judgment" and does not attempt to "summarily adjudicate" any claims in this suit. ECF No. 131 at 1–2. Palmer argues that its motion is "procedurally proper under both this Court's inherent authority to oversee the litigation and control the disposition of the case," and it continues to argue that Waznek's lien is excessive under the law. *Id.* at 1–7. Finally, Palmer contends that the material facts are not in dispute because it used Wanzek's "own sworn interrogatory responses" to support its motion. *Id.* at 7–10.

This Court referred Palmer's motion to Magistrate Judge Dominguez Braswell for initial determination. ECF No. 133. On February 18, 2025, Magistrate Judge Dominguez Braswell recommended that Palmer's motion be denied without prejudice. ECF No. 146. She first concluded that Palmer's motion was the functional equivalent of a partial summary judgment motion because the relief sought—dissolution of Wanzek's Lien—would dispose of two claims in this action. ECF No. 146 at 4. And because Palmer did not comply with this Court's practice standards governing summary judgment motions by failing to include a statement of undisputed material facts, Palmer's motion must be denied. *Id.* at 5–6.

Magistrate Judge Dominguez Braswell also determined that Palmer's motion was premature because Colo. Rev. Stat. § 38-22-128 conditions relief on a factual showing that a lien is excessive, "leading to the natural inference that C.R.S. § 38-22-128 should

3

be applied at the summary judgment, trial, or post-trial stages of a proceeding." *Id.* at 4. Finally, Magistrate Judge Dominguez Braswell noted that the "parties contest whether material facts are in dispute, and lack of a clear statement of disputed and undisputed facts complicates the Court's resolution of the issue." *Id.* at 5.

## II.  LEGAL STANDARD

When a magistrate judge issues a recommendation on a dispositive matter, the presiding district judge must "determine de novo any part of the magistrate judge's [recommended] disposition that has been properly objected to." Fed. R. Civ. 72(b)(3). An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III.  ANALYSIS

Palmer raises two primary objections to Magistrate Judge Dominguez Braswell's Recommendation. ECF No. 148. The Court addresses the objections in turn, concluding that neither compel the Court to reject or modify the Recommendation.

4

### A. Objection 1: The Recommendation Erroneously Treats the Motion to Dissolve Mechanics' Lien as a Summary Judgment Motion

Palmer objects to Magistrate Judge Dominguez Braswell's handling of the motion. ECF No. 148 at 4–7. Palmer argues that its motion is not the functional equivalent of a summary judgment motion, and Magistrate Judge Dominguez Braswell incorrectly imposed a "hard-and-fast" rule that excessive lien determinations must wait until the close of discovery. ECF No. 148 at 4–7. Palmer urges the Court to use its "inherent authority" to dissolve a lien based on the factual record before it at any stage of the litigation. *Id.* at 7. The Court is not persuaded.

Palmer initiated this lawsuit in this Court and invoked diversity jurisdiction under 28 U.S.C. § 1332 for its two breach of contract claims. ECF No. 1, ¶ 5.[1] The Court thus applies federal procedural law and Colorado substantive law. *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."). But Palmer points to no persuasive authority that the Court should treat its motion as anything other than a dispositive motion under either Federal Rules of Civil Procedure 12 or 56. ECF No. 131 at 3 ("Plaintiff concedes that this is a bespoke motion that does not fit cleanly into any specific bucket, but it certainly is *not* a motion for summary judgment.").

Palmer's motion unquestionably would resolve two claims in this case: Palmer's sixth claim—(1) declaratory judgment that Wanzek's mechanics' lien is invalid, and (2)

---

[1] Palmer filed a second amended complaint on June 26, 2023. ECF No. 76. In addition to its contract claims, Palmer also brings tortious interference claims and a declaratory judgment claim. Palmer does not assert any claims under federal law.

Wanzek's fifth counterclaim—lien foreclosure, claiming that Wanzek is entitled to foreclose on its lien and sell the property at issue to apply to proceeds to the amount owed by Palmer. It thus stands to reason that a federal district court should treat this dispositive motion as either a Rule 12 or Rule 56 motion.

It cannot be a Rule 12 motion because the motion to dismiss deadline has long passed. That leaves a Rule 56 summary judgment motion. However, Palmer did not comply with the procedural requirements for filing a summary judgment motion. And moreover, discovery is ongoing, ECF No. 144, so a Rule 56 motion is premature. The Court agrees with Magistrate Judge Dominguez Braswell that Palmer's motion is the functional equivalent of a summary judgment motion.

Even if the Court did not reach this conclusion, it still would not rely on its "inherent authority" to dissolve a lien based on the factual record at this stage of the litigation. The Court agrees with Magistrate Judge Dominguez Braswell that such authority generally refers to a district court's power to manage the administration of a lawsuit—such as issuing stays, ordering discovery, or reconsidering rulings—rather than its ability to resolve claims or unilaterally alter the rights and obligations of the parties at will. *See* ECF No. 146 at 4–5; *see, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Murphy v. Schaible, Russo & Co., C.P.A.'s, L.L.P.*, No. 19-CV-2808-WJM-NYW, 2022 WL 612392, at *1 (D. Colo. Mar. 2, 2022) ("The Court has the inherent authority to 'stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Pet Milk Co. v. Ritter*,

323 F.2d 586, 588 (10th Cir. 1963))); *Pertile v. Gen. Motors, LLC*, No. 15-CV-00518-WJM-NYW, 2017 WL 11543175, at *5 (D. Colo. May 8) (a district court's "inherent authority enables courts to control discovery and order that it be conducted in a certain manner, including requiring the production of certain documents and/or information"), *aff'd*, No. 15-CV-0518-WJM-NYW, 2017 WL 3767780 (D. Colo. Aug. 31, 2017).

Finally, Palmer argues that Magistrate Judge Dominguez Braswell erred in imposing a "hard-and-fast" rule that excessive lien determinations must wait until the close of discovery. ECF No. 148 at 7. The Court does not read the Recommendation that narrowly. Rather, Magistrate Judge Dominguez Braswell thoroughly analyzed the 12 decisions she could find where courts substantively applied Colo. Rev. Stat. § 38-22-128. ECF No. 146 at 4 n.3. She explained that each of those decisions (from the Colorado Court of Appeals, District of Colorado, and Tenth Circuit) considered the issue at the summary judgment stage or later, such as during a bench trial or on a post-trial motion. *Id.*

She also noted that Colo. Rev. Stat. § 38-22-128 does not provide a procedural mechanism for dissolution of a lien before the close of discovery. ECF No. 146 at 4. She looked at the text of the statute and reasoned that it conditions relief on the showing of "fact[s]" that a lien is excessive. *Id.* That led to the nature inference that Colo. Rev. Stat. § 38-22-128 should be applied at the summary judgment stage or later when the facts are fully developed. *Id.* (citing *Byerly v. Bank of Colorado*, 411 P.3d 732, 738 (Colo. App. 2013) ("Whether a lien is excessive is an issue of fact.")). Palmer objects, arguing that this result goes against the policy behind § 38-22-128 and is "contrary to the plain text of

7

the statute, which makes no mention of limitation to post-discovery proceedings." ECF No. 148 at 7. Although Palmer's public policy argument is compelling, it still fails to provide a procedural mechanism for which the Court can decide the issue prior to the close of discovery. Caselaw makes clear that the issue—whether a lien is excessive—is an "issue of fact." *Byerly*, 411 P.3d at 738.

For these reasons, the Court overrules Palmer's first broad objection and affirms Magistrate Judge Dominguez Braswell's decision to treat Palmer's motion to dissolve Wanzek's mechanics' lien as a premature partial summary judgment motion.

### B.   Objection 2: Magistrate Judge Dominguez Braswell Did Not Reach the Merits of the Motion

Palmer argues that the facts show that the lien is excessive, and Magistrate Judge Dominguez Braswell erred in failing to reach the merits of its motion. ECF No. 148 at 8. The Court again is not persuaded.

After correctly determining that Palmer's motion is the equivalent of a motion for summary judgment, Magistrate Judge Dominguez Braswell found that the "parties contest whether material facts are in dispute, and lack of a clear statement of disputed and undisputed facts complicates the Court's resolution of the issue." ECF No. 146 at 5. It thus appears that she did reach the merits of Palmer's motion.

The Court also finds Palmer's cited caselaw unconvincing. Indeed, it appears that in each case cited by Palmer, the respective courts worked from a fully developed factual record. The Court identifies four such examples. First, Palmer relies on *Knecht Construction, LLC v. Thompson*, where the district court held that a lien amount was excessive where the project was no more than 50% complete but the plaintiff filed the lien

8

as if it had completed 75% of the project. 2019 Colo. Dist. LEXIS 4305, at *15 (Colo. Dist. Ct. Jefferson Cnty. Dec. 20, 2019). But the court made this ruling after a three-day bench trial—not in the middle of discovery. *Id.* at *1 ("THIS MATTER comes before the Court upon evidence presented at a court trial on December 3, 4 and 5, 2019.").

A second example is *Independent Trust Corporation v. Stan Miller, Incorporated*, cited by Palmer to support its argument that the "obvious disconnect between the amount Wanzek claims as a lien and the 'value of services rendered or labor done or material furnished' is by itself a **sufficient basis for the Court to find the lien excessive**." ECF No. 148 at 9 (quoting *Indep. Tr. Corp. v. Stan Miller, Inc.*, 796 P.2d 483, 493 (Colo. 1990) (en banc) (emphasis in Palmer's brief)).[2] The Colorado Supreme Court heard this appeal after the district court granted summary judgment in the defendant's favor. *Id.* at 486.

As a third example, Palmer relies on *Honnen Equipment Company v. Never Summer Backhoe Service* to support its argument that "[o]ne asserting that a lien is excessive must prove, not only that the lien amount exceeds the amount actually due, but also that there was no reasonable possibility that it was due and that the lien claimant knew that the lien amount was greater than the amount due." ECF No. 148 at 8 (quoting *Honnen Equip. Co. v. Never Summer Backhoe Serv., Inc.*, 261 P.3d 507, 510 (Colo. App. 2011)). But like *Knecht*, *Honnen* involved findings after a trial.

---

[2] Palmer somewhat misquotes the Colorado Supreme Court's decision. The Colorado Supreme Court stated that, "[i]n particular, late charges are not subject to a mechanics' lien because they are not related to the 'value of . . . services rendered or labor done or material furnished . . . .'" *Indep. Tr. Corp.*, 796 P.2d at 490 (quoting Colo. Rev. Stat. § 38–22–101(1) (1982)).

Turning to the final example, Palmer cites *Ralph L. Wadsworth Construction Company v. Regional Rail Partners*, where Palmer contends that the district court held that "Wadsworth's claim is also excessive because it includes amounts that are not even arguably due and could never become due." ECF No. 148 at 10 (quoting *Ralph L. Wadsworth Constr. Co. v. Reg'l Rail Partners*, 2020 Colo. Dist. LEXIS 4664, at *16 (Colo. Dist. Ct. Denver Cnty. Dec. 18, 2020)). But the district court—on summary judgment—found no such thing. In fact, in denying summary judgment, the court found it "unusual[]" that the defendant even moved for summary judgment because "the pleadings themselves demonstrate that there are contested factual issues as to an amount 'due and owing' under the statute." *Ralph L. Wadsworth*, 2020 Colo. Dist. LEXIS 4664, at *1–3 (denying summary judgment).[3]

For these reasons, the Court overrules Palmer's second objection.

## IV.  CONCLUSION

The Court overrules Plaintiff's objection and AFFIRMS and ADOPTS Magistrate Judge Dominguez Braswell's Recommendation, ECF No. 146, in its entirety as an order of this Court. Plaintiff's Motion to Dissolve Mechanics' Lien, ECF No. 127, is DENIED without prejudice.

---

[3] Palmer's citation to *Wadsworth* is not to the district court's order—it is to the defendant's summary judgment motion. *Ralph L. Wadsworth*, 2020 Colo. Dist. LEXIS 4664, at *16 (Regional Rail Partners' motion for summary judgment).

10

DATED this 26th day of March 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge