IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22–cv–03290–CNS–MDB

PALMER NORTH AMERICA LLC, a Delaware limited liability company,

Plaintiff,

v.

WANZEK CONSTRUCTION INC., a North Dakota corporation,
MASTEC, INC., a Florida corporation,

Defendants.

---

WANZEK CONSTRUCTION INC., a North Dakota corporation,

Counterclaim-Plaintiff,

v.

PALMER NORTH AMERICA LLC, a Delaware limited liability company,

Counterclaim-Defendant.

---

WANZEK CONSTRUCTION INC., a North Dakota corporation,

Third-Party Plaintiff,

v.

EVRAZ NORTH AMERICA PLC,

Third-Party Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Maritza Dominguez Braswell**

This matter is before the Court on Wanzek Construction, Inc.'s ("Wanzek") Motion for Attorney's Fees. (["Motion"], Doc. No. 260.) Plaintiff Palmer North America ("Palmer") has responded in opposition (Doc. No. 279) and Wanzek has replied in support (Doc. No. 280). After reviewing the Motion, briefing, and applicable law, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED in part and DENIED in part**.

**BACKGROUND**

This Motion arises out of a motion to compel the production of certain documents filed by Wanzek in September, 2025. (*See* Doc. No. 208.) On November 14, 2025, the Court granted the motion to compel in part, and allowed Wanzek to file the instant Motion to obtain "partial fees and costs" connected to the documents Palmer was withholding.[1] (Doc. No. 258 at 11–15.)

Wanzek seeks a total fee award of $45,123, comprising of $39,823 is fees incurred in support of its motion to compel and $5,300 in fees incurred preparing the instant Motion. (Doc. No. 260 at 3.) The Motion is supported by the declaration of Wanzek's counsel, Michael Subak, and billing entries. (Doc. Nos. 260-1; 260-2.) Wanzek represents that three attorneys worked on the matter: Mr. Subak, a partner, and Jamey Collidge and Eric Pecci, associates. (*Id.* at ¶ 2.)

According to Wanzek, Mr. Subak recorded 20.3 hours at $750/hour, Mr. Collidge recorded 30.6 hours at $495/hour, and Mr. Pecci recorded 42.9 hours at $382.50/hour on the motion to compel, for a collective total of 93.8 hours and $44,247 in fees. (Doc. No. 260 at 2.) Based on the Court's directive that the award should be proportional to the relief afforded to

[1] The Court directed Wanzek to "propos[e] an apportionment of fees and costs that is reasonable, fair, and consistent with the Court's conclusions in [the motion to compel] Order." (*Id.* at 15.)

Wanzek, Wanzek then reduces this fee amount by 10%, arguing that "three of the thirty-one pages [of briefing across the motion, response and reply], or 10%, were dedicated to [portions of the motion to compel and reply that were denied.]" (Doc. No. 260 at 2.)

As to the instant Motion, Wanzek represents Mr. Subak recorded 0.8 hours, Mr. Collidge recorded 2 hours, and Mr. Pecci recorded 9.7 hours. (*Id.* at 3.)

Palmer opposes the Motion in part. Specifically, though Palmer does not dispute the reasonableness of each attorney's hourly rate, it argues that: (1) Wanzek's request improperly includes pre-motion activities that occurred prior to the Court giving leave to file the motion to compel; (2) the total hours claimed for the motion to compel are excessive; and (3) Wanzek's proposed 10% reduction is too low. (Doc. No. 279 at 3–6.) Palmer further argues that fees connected to the instant Motion were not covered by the Court's order and should not be awarded. (*Id.* at 3–4.) Palmer contends that a reasonable fee calculation is $15,095.04, based on 32 hours of work, and then reduced by one-third, for an award of $10,053.30. (*Id.* at 2, 6–7.)

**ANALYSIS**

"If a party is entitled to fees, it must demonstrate the reasonableness of its fee request." *Baxter Constr. Co., LLC v. SF Constr., Inc.*, 2024 WL 1537998, at *4 (D. Colo. Apr. 9, 2024). Indeed, "[i]t is counsel's burden to prove and establish the reasonableness of each dollar, and each hour, above zero." *Magic Carpet Ski Lifts, Inc. v. S&A Co., Ltd*, 2015 WL 4237950, at *9 (D. Colo. June 8, 2015), *report and recommendation adopted*, 2015 WL 4162586 (D. Colo. July 9, 2015) (citing *Mares v. Credit Bureau,* 801 F.2d 1197, 1210 (10th Cir. 1986)). To that end, under the Local Rules, a request for attorneys fees must include "(1) a summary of relevant qualifications and experience (of those working on the case); and (2) a detailed description of the

services rendered, the amount of time spent, the hourly rate charged, and the total amount claimed." D.C.COLO.LCivR 54.3(b).

## I. Fees Connected to Motion to Compel

### A. Activities Prior to Being Granted Leave to File Motion to Compel

The parties first dispute whether Wanzek may recover fees for activities predating the drafting of its motion to compel. Wanzek seeks fees for time entries beginning August 21, 2025—the day after the Court-ordered deadline for Palmer to produce documents—on the theory that each such hour arose directly from Palmer's failure to meet that deadline. (Doc. No. 260 at 2; Doc. No. 280 at 2–3.) Palmer responds that the motion to compel was, at most, "conceptual" until September 15, 2025, when the Court concluded the parties were at an impasse and authorized the filing of a motion, and that Wanzek did not begin drafting until September 22, 2025. (Doc. No. 279 at 3–4.) On that basis, Palmer contends that the $7,300.42 in fees Wanzek claims for activities between August 21 and September 22, 2025, falls outside the scope of the Court's November 14 Order and should be excluded. (*Id.*)

On this dispute, the Court primarily agrees with Palmer. The Court's November 14 Order awarded Wanzek the fees and costs "associated with" the motion to compel. (Doc. No. 258 at 14.) The phrase "associated with" the motion means work directly linked to the motion itself—the research, drafting, and briefing that constitute the motion and its supporting papers—not the groundwork that precedes any decision to move. Read otherwise, the limitation would have little meaning, because nearly any discovery-related effort could be recast as a predicate to the eventual motion. Reviewing an opposing party's productions for responsiveness, identifying perceived deficiencies, and conferring in an effort to resolve a dispute are obligations that attend

the discovery process generally; they are undertaken whether or not a motion to compel is ever filed. Moreover, the Court deliberately did not use broader language, such as fees in connection with discovery violations or incomplete responses, or improper withholding. The dividing line, then, is the point at which this case turned from general discovery efforts toward the motion itself. On this record, that point is clear: the Court granted Wanzek leave to file its motion to compel on September 15, 2025. (Doc. No. 173.) Work undertaken in support of the motion after that date falls within the award, even where formal drafting had not yet begun.[2]

Accordingly, the Court will not recommend fees incurred for work prior to the September 15, 2025, the date the Court granted leave to file the motion to compel.

**B. Remaining Hours Claimed and Base Fee Award**

The parties next dispute whether the remaining hours Wanzek claims for the motion to compel and reply are reasonable. Removing the pre-September 15, 2025, hours, Wanzek seeks fees for 79.5 hours in connection with the motion to compel and reply, which totaled 16 pages. (Doc. No. 260-1.) Palmer contends that this figure is excessive on its face, and represents that its own three attorneys and a paralegal prepared and filed a 17-page response to the motion to compel. At the outset, the Court finds the hours expended by Palmer's counsel relevant to its considerations, but not dispositive. The time opposing counsel spends resisting a motion offers a useful point of reference, but it is not a one-for-one comparison. It is often easier to respond to an existing set of arguments, than to build from scratch. But even if it is reasonable to expend more

[2] The billing log reflects two entries on September 18, 2025—prior to the start of drafting on September 22, 2025—that appear to be research and analysis in support of the motion to compel. Because those entries are directly linked to the motion the Court had by then authorized, the Court concludes they are sufficiently associated with the motion to compel to be included in the fee award, and thus declines Palmer's invitation to begin the hour count on September 22.

time on the moving papers, the hours Wanzek claims are still somewhat excessive. 79.5 hours devoted to a total of 16 pages of briefing is more than the motion to compel reasonably required, particularly given the relatively contained legal and factual issues it presented. Some reductions are therefore warranted. After review, the Court concludes an approximate 25% reduction to 60 hours, is appropriate.

Next, the Court must calculate the base fee award. Both parties suggest they are comfortable with a "blended rate" adjustment. (*See* Doc. No. 279 at 4; Doc. No. 280 at n.2.) The parties differ, however, as to the correct blended rate to use. Wanzek calculates a blended rate of $542.50 per hour, derived as the simple average of its three attorneys' rates ($750, $495, and $382.50). Palmer calculates it differently. The simple average Wanzek proposes would result in an unfairly inflated base fee, particularly in light of the fact that approximately 2/3 of the total hours were billed at lower rates. Thus, the Court calculates the blended rate by dividing the total fees billed by the total hours billed. Exhibit B reflects total fees of $44,247 across 93.8 hours which yields a blended rate of $471.72 per hour—the same figure Palmer proposes (Doc. No. 279 at 2). The Court adopts $471.72 as the blended rate for purposes of this award.

Accordingly, the Court calculates Wanzek's base fee award to be $28,303.20.[3]

**C. Proportionality Reduction**

The final dispute concerns apportionment. That is, where the motion to compel was only partially granted, which portion should be borne by Wanzek, and which should be borne by Palmer for the improper withholding of discovery. (Doc. No. 258 at 15 (directing Wanzek to

[3] $471.72 x 60 hours = $28,303.20.

propose an apportionment "that is reasonable, fair, and consistent with the Court's conclusions in [the] Order.").)

Wanzek proposes a 10% reduction, reasoning that only three of the 31 total pages of briefing on the motion to compel—roughly 10%—were devoted to the privilege issue on which it did not prevail. (Doc. No. 260 at 2.) Palmer counters that this page-based approach understates the privilege issue's role, because Wanzek's page count improperly includes pages of Palmer's own briefing, and that the more appropriate measure is the categories of documents at issue: of the three categories the motion addressed, Wanzek prevailed on two and lost on the third, warranting a one-third reduction. (Doc. No. 279 at 5–6.)

The Court accepts Palmer's proposed one-third reduction. Though the number of pages devoted to an issue is one reasonable measure of work, the briefing—on its own—does not reflect the total expenditure of resources. If it did, Wanzek would have asked for far less in fees. The better measure here is issued-based.

After reducing Wanzek's attorney's fees by 1/3, the Court finds Wanzek is entitled to $18,849.93 in connection with the motion to compel.[4]

## II. Fees Connected to the Instant Motion

Finally, the parties dispute Wanzek's entitlement to the fees it incurred preparing the instant Motion. (*See* Doc. No. 260 at 3; Doc. No. 279 at 3–4.)

While Palmer is correct that the Court's November 14 Order did not expressly permit the recovery of fees on the instant motion, the Tenth Circuit "generally allows recovery of fees for attorneys' work in seeking attorneys' fees." *Hernandez v. George*, 793 F.2d 264, 269 (10th Cir.

[4] $28,303.20 x 66.6% = $18,849.93

1986); *see Sherwood v. BRT Corp.*, 2015 WL 6437850, at *4 (D. Colo. Oct. 23, 2015) ("Recovery of fees for resolving an attorney's fee request is normally allowed even after the merits of the dispute have been settled."). As such, the Court finds Wanzek's request for fees in connection with the instant Motion reasonable and appropriate.

However, the Court will recommend a smaller award than Wanzek requests. Wanzek says it incurred 12.5 hours of work to prepare this three-page Motion. Even accounting for the need to draft a supporting affidavit and create a billing log, 12.5 hours is too high. Billing entries can be generated relatively quickly, and reviewing them to create a companion affidavit and brief is also a relatively straightforward task. The Court recommends Wanzek be awarded 75% of what it seeks: $3,975.00.[5]

## CONCLUSION

For the foregoing reasons the Court respectfully **RECOMMENDS** that Wanzek Construction, Inc.'s Motion for Attorney's Fees (Doc. No. 260) be **GRANTED in part and DENIED in part**. Specifically, the Court **RECOMMENDS** Wanzek be awarded $18,849.93 in connection with the motion to compel and $3,975.00 in connection with the instant Motion, for a total of **$22,824.93**.

[5] $5,300.00 x 75% = $3,975.00.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. ' 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 25th day of August, 2026.

**BY THE COURT:**

Maritza Dominguez Braswell
United States Magistrate Judge